In the Matter of Ross E. HEROLD, as Assistant Superintendent of DANNEMORA STATE HOSPITAL, Respondent. JUINELL JOSHUA, an Alleged Insane Prisoner, Appellant.— Appeal from an order of the Surrogate of Clinton County which adjudged appellant insane and ordered that he be retained in the Dannemora State Hospital. On May 20, 1953 appellant was sentenced in New York County to a maximum sentence of five years upon his conviction of the crime of assault, second degree. He was committed to Elmira Reception Center and transferred from there in July, 1953 to Great Meadows Correctional Institution. In January, 1956, he was transferred to Dannemora State Hospital where he has remained to date. In February, 1958 when appellant's maximum term was about to expire a proceeding was brought by the Assistant Superintendent of Dannemora State Hospital to determine appellant's mental condition. Two physicians were appointed by the Surrogate to examine appellant and their certificate indicates that they found appellant to be mentally ill. Thereafter a hearing was held before the Surrogate at which appellant was present and represented by counsel. There seems to be no question whatever about the fact that appellant is mentally ill. A physician called as an expert witness in his behalf gave his opinion that appellant was suffering from a psychiatric reaction, and diagnosed his condition as " a schizophrenia reaction of semi-psychosis " without being able definitely to state the type of his reaction. The physician in charge of the State Hospital at Dannemora characterized appellant's illness as dementia praecox-catatonic type, and declared that he required further hospitalization. Apparently the physician who testified for appellant also believed that appellant should have further treatment, but should be sent to a civil institution rather than retained at the hospital at Dannemora. After the hearing the Surrogate granted the State's motion to recommit the patient to the Dannemora State Hospital. This was permissible under section 384 of the Correction Law and we can see no justification on this record of interfering with the Surrogate's decision. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.